**THE HONORABLE JOHN C. COUGHENOUR**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RADLEY & CO LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.,<br><br>Defendant. | **IN ADMIRALTY**<br>**NO. 24-CV-01568-JCC**<br><br>**STIPULATED MOTION AND [~~PROPOSED~~] ORDER TO STAY ACTION PENDING BINDING ARBITRATION, VACATE TRIAL DATE AND REMAINING DEADLINES, AND ADMINISTRATIVELY CLOSE CASE**<br><br>**NOTE ON MOTION CALENDAR:**<br>October 27, 2026 |

**STIPULATED MOTION**

Pursuant to 9 U.S.C. §§ 2-3, Federal Rule of Civil Procedure 16(b)(4), and Local Civil Rules 7(d)(1), 10(g), 16(b)(6), 16(c)(3), and 39.1(d)(1)–(2), plaintiff Radley & Co Limited ("Radley") and defendant Expeditors International of Washington, Inc. ("Expeditors"), by and through their respective counsel, jointly move for an order (1) staying this action pending final and binding arbitration; (2) vacating the currently scheduled trial date and all remaining pretrial deadlines; (3) administratively closing the case during the stay; and (4) retaining jurisdiction for any appropriate post-arbitration proceedings under the Federal Arbitration Act ("FAA").

## I. AGREEMENT TO ARBITRATE AND GOOD CAUSE

This admiralty action arises from an international shipment of cargo transported from Mumbai, India, to the United Kingdom. The parties have completed extensive fact and expert



LAW OFFICES OF
NICOLL BLACK ALTENBRUN & FEIG
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555
(206) 838-7515

discovery and have now mutually concluded that the remaining dispute can be resolved most efficiently and economically through binding arbitration. The agreement to arbitrate is voluntary, and is not an admission by either party concerning the merits.

The parties' written agreement to submit this existing controversy arising from a maritime transaction to arbitration is enforceable under 9 U.S.C. § 2. Section 3 directs the Court, upon application of a party, to stay an action containing issues referable to arbitration. *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). The District's Local Rules likewise expressly recognize that parties may stipulate to stay a civil case and proceed to arbitration, and that nothing in the Court's arbitration procedures limits otherwise valid agreements under the FAA. LCR 39.1(d)(1)-(2). The parties' mutual agreement therefore supplies good cause under Rule 16(b)(4) and LCR 16(b)(6) to vacate the remaining case schedule and trial date.

The parties request a stay and administrative closure rather than dismissal. The U.S. Supreme Court has confirmed that when a federal court has jurisdiction over an action and stays it for arbitration under FAA § 3, the court retains jurisdiction to consider later motions to confirm or vacate the resulting award under FAA §§ 9 and 10. *Jules v. Andre Balazs Props.*, 608 U.S. 200 (2026). A stay therefore preserves this Court's existing jurisdiction while accomplishing the same practical objective of removing the matter from the active trial calendar during arbitration.

## II. TERMS OF THE PARTIES' ARBITRATION AGREEMENT

1. *Scope of Arbitration*. All remaining claims, defenses, affirmative defenses, and issues in this action—including liability, causation, and damages—shall be submitted to final and binding arbitration. The parties waive any objection that those remaining merits issues are not arbitrable.

2. *Governing Rules and Sole Arbitrator.* The arbitration shall proceed before one neutral arbitrator under the Maritime Arbitration Rules of the Society of Maritime Arbitrators, Inc. ("SMA"), effective October 1, 2024, as modified by the Parties' Arbitration Agreement. Within fourteen (14) days after entry of the Court's order, the parties shall confer in good faith and endeavor to select a sole arbitrator from either the SMA roster or another arbitrator with substantial



LAW OFFICES OF
NICOLL BLACK ALTENBRUN & FEIG
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555
(206) 838-7515

experience in maritime cargo and carriage of goods disputes. If the parties cannot agree within twenty-one (21) days after entry of the stay, each party shall identify up to three proposed candidates and the parties shall promptly meet and confer concerning those candidates. If the parties remain unable to agree, either party may seek appointment of the arbitrator from this Court pursuant to 9 U.S.C. § 5.

3. *Seat and Hearing Procedure*. The legal seat and site of the arbitration shall be Seattle, Washington, notwithstanding any default site otherwise provided by the SMA Rules. Conferences, argument, and witness testimony may be conducted by videoconference or other remote means consistent with the SMA Rules. At the option of the party presenting the witness, any witness may testify by videoconference without the opposing party's consent or a showing of unavailability, subject to reasonable procedures established by the arbitrator. The arbitrator may permit or require post-hearing briefs. The parties may separately agree in writing to submit some or all issues on documents alone under SMA Rule 27.

4. *Existing Record and Discovery*. The existing discovery conducted in this action shall remain effective and may be used in the arbitration. Discovery in this action having closed, no further discovery (including depositions) may be undertaken except by written agreement of the parties. This limitation does not preclude witness preparation, exchange of exhibits or authorities, or production specifically directed by the arbitrator.

5. *Substantive Rights Preserved.* Except for the parties' agreement to arbitrate, this stipulation does not alter the substantive law, contractual terms, burdens of proof, claims, defenses, or remedies that otherwise would apply. Any contractual forum-selection provision requiring litigation in this Court is waived and superseded solely for purposes of this dispute and only to the extent necessary to permit arbitration. The transition of this action to arbitration shall not itself create, revive, or waive any statute of limitations, timeliness, waiver, or similar defense. All other rights and arguments are preserved.



LAW OFFICES OF
NICOLL BLACK ALTENBRUN & FEIG
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555
(206) 838-7515

6. *Award; Fees and Costs.* The arbitrator shall issue a written, reasoned award. The award shall be final and binding, subject only to vacatur on the grounds permitted by 9 U.S.C. § 10. Arbitrator fees and required deposits shall be borne equally by Radley and Expeditors. Each party shall bear its own attorneys' fees, expert and witness fees, costs, and other expenses incurred in connection with the arbitration or this action, and the arbitrator shall have no authority to award or reallocate any such attorneys' fees, costs, or expenses between the parties. Notwithstanding the foregoing, the Court may award reasonable arbitration-specific costs directly caused by a party's refusal to participate, but not attorneys' fees, as provided in the Parties' Arbitration Agreement.

7. *Judgment on Award and Continued Federal Jurisdiction.* The parties expressly agree that judgment upon the final arbitration award may be entered by this Court. The parties consent to jurisdiction and venue in this Court for any motion authorized by the FAA to confirm or enforce the award or seek vacatur under 9 U.S.C. § 10, and for entry and enforcement of judgment, including under 9 U.S.C. §§ 9-13 and, to the extent applicable, Chapter 2 of the FAA, 9 U.S.C. §§ 201-208. Nothing in this stipulation enlarges or contracts the statutory grounds or deadlines governing such relief.

8. *Confidentiality*. Any protective order or confidentiality obligation presently applicable to materials produced in this action shall remain in effect during the arbitration unless modified by the Court or, to the extent authorized, by the arbitrator. Nothing in this paragraph prevents a party from making a filing required to confirm, or enforce an award or seek vacatur under 9 U.S.C. § 10, subject to any applicable sealing requirements or further order of this Court.

9. *Stay, Administrative Closure, and Return to Court.* Upon entry of the requested order, this action shall be stayed and administratively closed; and the trial date and all remaining pretrial deadlines shall be vacated. Within thirty (30) days after the arbitration concludes or is otherwise terminated, the parties shall move to reopen the action for appropriate relief under the FAA or jointly move to dismiss the action if no further judicial relief is required. If the arbitration cannot proceed because a party defaults in proceeding with arbitration or the agreed arbitral forum



LAW OFFICES OF
NICOLL BLACK ALTENBRUN & FEIG
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555
(206) 838-7515

becomes unavailable, either party may move to reopen the case and seek appropriate relief as provided by their arbitration agreement.

## III. REQUESTED RELIEF

For these reasons, the parties respectfully request that the Court grant this stipulated motion, direct the parties to proceed with arbitration on the terms stated above, stay and administratively close this action, vacate the currently scheduled trial date and all remaining pretrial deadlines, and retain jurisdiction for any appropriate post-arbitration proceedings.

I certify that this memorandum contains 1,268 words, in compliance with the Local Civil Rules.

DATED this 27th day of October, 2026.

NICOLL BLACK ALTENBRUN & FEIG

*/s/ Bradley H. Pace*
Bradley H. Pace, WSBA No. 61941
*Attorneys for Plaintiff*

BALLARD SPAHR LLP
*Per 10/26/26 Email Authorization*

*/s/ Steven W. Block*
Steven W. Block, WSBA No. 24299
*Attorneys for Defendant*



LAW OFFICES OF
NICOLL BLACK ALTENBRUN & FEIG
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555
(206) 838-7515

**[~~PROPOSED~~] ORDER**

The Court, having reviewed the parties' Stipulated Motion and being fully advised, finds good cause for the requested relief. Accordingly, IT IS HEREBY ORDERED:

1. The parties' Stipulated Motion is GRANTED. The parties shall proceed to final and binding arbitration in accordance with the Parties' written Arbitration Agreement, as summarized in the Stipulated Motion; the written Agreement shall control in the event of any inconsistency.

2. Pursuant to 9 U.S.C. § 3, this action is STAYED pending completion of the arbitration.

3. The presently scheduled trial date and all remaining pretrial deadlines are VACATED.

4. The Clerk is DIRECTED to administratively close this case during the stay. Administrative closure is not a dismissal and does not affect the Court's continuing jurisdiction over this action.

5. The Court RETAINS JURISDICTION to consider any appropriate motion under the Federal Arbitration Act concerning the arbitration or resulting award, including any motion to confirm the award or seek vacatur solely to the extent permitted by 9 U.S.C. § 10, and to enter and enforce judgment as permitted by law.

6. Within thirty (30) days after the arbitration concludes or is otherwise terminated, the parties shall move to reopen this action for appropriate relief or jointly move to dismiss the action if no further judicial relief is required.

**IT IS SO ORDERED.**

Dated this 27th day of October, 2026.

The Honorable John C. Coughenour
United States District Judge

Presented by:

**NICOLL BLACK ALTENBRUN & FEIG**

_/s/ *Bradley H. Pace*_
Bradley H. Pace, WSBA No. 61941
Attorneys for Plaintiff



LAW OFFICES OF
NICOLL BLACK ALTENBRUN & FEIG
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555
(206) 838-7515

**BALLARD SPAHR LLP**
Per [DATE] Email Authorization
/s/ *Steven W. Block*
Steven W. Block, WSBA No. 24299
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby declare that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notice of this filing to counsel for all parties via the CM/ECF notification system.

Steven W. Block, WSBA No. 24299
BALLARD SPAHR LLP
1420 Fifth Ave., Suite 4200
P.O. BOX 91302
Seattle, WA 98111-9402
blocks@ballardspahr.com

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on October 27, 2026, at Honolulu, Hawaii.

/s/ *Bradley H. Pace*
Bradley H. Pace, WSBA No. 61941



LAW OFFICES OF
NICOLL BLACK ALTENBRUN & FEIG
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555
(206) 838-7515